**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF ABDUL KAMAL, | |
| Plaintiff, | Civil Action No. 15-8008 (ES) (MAH) |
| v. | MEMORANDUM |
| TOWNSHIP OF IRVINGTON, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendants Jonathan Gonzales, Simon Johnson, Patrick Cadet, Michael Chase[1] (collectively, the "Individual Defendants") and the Township of Irvington's ("Irvington") motion to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 45). The parties briefed Defendants' motion (*see* D.E. No. 46, 54 & 57), and the Court decided the matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, Defendants' motion is GRANTED.

**I.     Relevant Background**

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief.[2] Plaintiff alleges that, in November 2013, Officers Gonzalez, Johnson, and Cadet shot Abdul Kamal—who was unarmed—10 to 15 times, resulting in Kamal's death. (D.E. No. 36, First Amended Complaint ("FAC") ¶¶ 13-15). Plaintiff also alleges that, prior to Kamal's death, Chief

---

[1]     Defendant Michael Chase joined Defendants' motion. (*See* D.E. No. 48).

[2]     The Court must accept Plaintiff's factual allegations as true for purposes of resolving Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012) ("As such, we set out facts as they appear in the Complaint and its exhibits.").

of Police Chase "received many complaints from citizens concerning misconduct and excessive force allegations regarding police officers on the Irvington Police Department" and "failed to investigate said complaints." (*Id.* ¶ 11). Plaintiff then alleges that Defendants Chase and Irvington "encouraged the use of excessive force by its police officers through their inaction and/or failure to institute policies or practices designed to reduce incidents of the use of excessive force and other constitutional violations by its police officers." (*Id.* ¶ 18).

## II. Legal Standard

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citation omitted). But the court is not required to accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[3]

---

[3] To the extent Defendants make arguments based on information obtained through discovery (*see, e.g.*, D.E. No. 57 at 5), such arguments are inappropriate on a Rule 12(b)(6) motion. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Defendants may make such arguments on a motion for summary judgment at the appropriate time.

### III. Analysis

#### A. Plaintiff's claims against the Individual Defendants are time barred.

The Court finds that Plaintiff's claims against the Individual Defendants do not relate back under Federal Rule of Civil Procedure 15(c). *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). In particular, the Court finds that the Individual Defendants did not receive notice of Plaintiff's action within the time specified under Federal Rule of Civil Procedure 4(m). *See id.* at 222. Consequently, Plaintiff's claims against those defendants are time-barred.

Plaintiff appears to concede that the Individual Defendants did not receive timely notice under Rule 4(m); rather, Plaintiff argues that the "shared-attorney method" imputed timely notice to the Individual Defendants. (*See* D.E. No. 54 at 4). To invoke the "shared-attorney method," Plaintiff must show that there was some communication or relationship between the shared attorney and the Individual Defendants before the 120-day service period expired. *See Garvin*, 354 F.3d at 223. But Plaintiff has offered no evidence to support his "shared-attorney method" arguments, and even admits in his opposition brief that "it is impossible, at this juncture, to determine if the 'same attorney' method applies." (*See* D.E. No. 54 at 4); *see also Walters v. Muhlenberg Tp. of Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013) (rejecting shared-attorney argument where the plaintiff "did not point to any facts suggesting that, during the 120-day period after he had filed the original complaint, Officer Bowen and the Department were being represented by the same attorney").[4]

---

[4] The Court is also not persuaded by Plaintiff's undeveloped argument that equity requires relation back. (*See* D.E. No. 54 at 4). Plaintiff cites no law in support of this argument. *See Alpine Bus. Grp., Inc. v. Sabathia*, No. 10-4850, 2011 WL 589959, at *2 (D.N.J. Feb. 10, 2011) (rejecting argument where plaintiff's brief "cites no legal authority—no statute, no case law, no rule, and no common law doctrine.") (citing *Conroy v. Leone*, 316 F. App'x 140, 144 n.5 (3d Cir. 2009)). Moreover, Plaintiff's argument is unconvincing as a factual matter. Defendants provide the Court with an NJ.com news article, published a year before Plaintiff sought to add the Individual Defendants, that identifies certain of the officers involved. (*See* D.E. No. 57-2); *see also Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (finding that district court properly took judicial

### B. Plaintiff's claims against Irvington are insufficiently pleaded.

*First*, to the extent Plaintiff seeks to assert claims against Irvington based on a theory of *respondeat superior*, those claims are dismissed *with prejudice*. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *Hampton v. Holmesburg Prison Officials*, 546 F. 2d 1077, 1082 (3d Cir. 1976) (same). Also, to the extent Plaintiff seeks to assert claims against the Irvington Police Department separately from Irvington, those claims are dismissed *with prejudice*. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.").

*Second*, to the extent Plaintiff seeks to assert *Monell* liability against Irvington, those claims are insufficiently pleaded and dismissed *without prejudice*. A municipality or local government unit can be found liable under § 1983 "where its policies are the 'moving force [behind] the constitutional violated'" that is alleged. *City of Canton Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). Policy is made when a decisionmaker possessing final authority to establish local policy with respect to the action issues an official proclamation, policy, or edict. *Fernandes v. City of Jersey City*, No. 16-7789, 2017 WL 2799698, at *13 (D.N.J. June 27, 2017) (citation, internal quotation marks, and alterations omitted). Custom, on the other hand, "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as to virtually constitute law." *Bielevicz v. Dubinion*, 915 F.2d 845, 850 (3d Cir. 2007) (citation omitted).

---

review of news articles because the articles "serv[ed] only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true").

Here, Plaintiff does not appear to allege the existence of an official proclamation, policy, or edict; rather, Plaintiff appears to allege the existence of a custom. But Plaintiff's allegations that Defendant Chase knew about—but failed to investigate—unspecified excessive-force complaints about unspecified police officers do not sufficiently allege a custom that proximately caused the constitutional violation complained of. For example, Plaintiff offers no factual allegations about the excessive-force complaints that tie the complaints to the allegedly unlawful conduct or to Officers Gonzales, Johnson, or Cadet. Similarly, Plaintiff's allegations that Irvington failed to properly train its employees are conclusory and lack the necessary factual support to survive a Rule 12(b)(6) motion to dismiss. Put simply, Plaintiff's First Amended Complaint "fails to plead factual grounds that permit the Court to draw a reasonable inference that [Irvington] engaged in the persistent practice of tolerating excessive force." *See Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 303 (D.N.J. 2012).

For the same reasons, the Court finds that Plaintiff's state-law claims against Irvington are insufficiently pleaded. *See Baklayan v. Ortiz*, No. 11-3943, 2012 WL 1150842, at *6 (D.N.J. Apr. 5, 2012) (explaining that courts interpret claims under the New Jersey Constitution and the New Jersey Civil Rights Act "in terms nearly identical to its federal counterpart; Section 1983") (citation omitted); *see also Estate of Bard v. City of Vineland*, No. 17-1452, 2017 WL 4697064, at *6 (D.N.J. Oct. 19, 2017) (dismissing common law wrongful-death claim against municipality where the plaintiff failed to adequately allege civil rights claims under § 1983 against that municipality).

**IV.   Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Plaintiff's claims against the Individual Defendants are dismissed *with prejudice*, as those claims are time

barred. Plaintiff's claims against Irvington are dismissed *without prejudice*. An appropriate Order accompanies this Memorandum.

<u>*s/Esther Salas*</u><br>
**Esther Salas, U.S.D.J.**