**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF ABDUL KAMAL, | |
| Plaintiff, | Civil Action No. 15-8008 (ES) (MAH) |
| v. | MEMORANDUM |
| TOWNSHIP OF IRVINGTON, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Township of Irvington's ("Defendant's" or "Irvington's") motion to dismiss Estate of Abdul Kamal's ("Plaintiff's") Second Amended Complaint (D.E. No. 62 ("SAC")) under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 66). The Court decides the motion without oral argument. *See* D.N.J. Civ. R. 78.1(b); *see also* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's motion is GRANTED.

**I.    Relevant Background**

The court previously granted a motion to dismiss Plaintiff's First Amended Complaint, dismissing with prejudice all claims against individual defendants and without prejudice all claims against Irvington. (*See generally* D.E. Nos. 59 & 60). Irvington is currently the only remaining defendant. (*See generally* SAC).

The Court's prior Memorandum recounts the facts of this case. (*See generally* D.E. No. 59).[1] The Court will now assume the parties' familiarity with those facts, focus only on the

---

[1] As the Court wrote even in that Memorandum, "The parties are familiar with the facts and procedural posture of this case, so the Court will be brief." (D.E. No. 59 at 1).

operative facts of the SAC, and set them out "as they appear" therein. *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). In sum, the SAC raises a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). (*See, e.g.*, SAC ¶ 19). The claim is rooted in the alleged acts or omissions of Michael Chase, Dwayne Mitchell, Joseph Santiago, "or others," who "were the Police Chief and were the final policy makers for the Irvington Police Department." (*See id.* ¶¶ 7–9). These alleged tortfeasors acted under "official policy, practice, or custom" and "intentionally . . . failed to train, instruct, supervise, control, and discipline on a continuing basis, Gonzalez, Johnson and Cadet, as well as other law enforcement officers, in their duties to refrain from [unconstitutional conduct]." (SAC, Count I,[2] ¶ 4). And Defendant allegedly "approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Gonzalez, Johnson and Cadet . . . ." (*Id.*, Count I, ¶ 11).[3] This "failure to adequately train and supervise," Plaintiff asserts, "constitute[d] a deliberate indifference to [his] constitutional rights" (*id.* ¶ 19); "[a]s a direct and proximate result . . . [he] sustained injuries" (*id.*, Count I, ¶ 13).

The SAC references a State Division of Criminal Justice report from 1997, which "not[ed] numerous training problems" with police in Irvington, and a State Department of Community Affairs report from 2008 that "noted some of the same training problems." (*Id.* ¶ 20). More specifically, Plaintiff alleges, the 2008 report "noted that . . . [police] training . . . was non-existent with the exception of New Jersey mandated training for firearms." (*Id.* ¶ 21). The SAC does not appear to specify which kinds of training were "non-existent." (*See, e.g., id.*). Plaintiff asserts

---

[2]  The SAC restarts the numbering of paragraphs several times (*see, e.g.*, SAC at 6), so with regard to paragraphs numbered after page five of docket entry 62, the Court will specify the count to which each paragraph pertains to avoid confusion.

[3]  In addition, the alleged tortfeasors "failed to investigate" complaints about excessive force (SAC ¶ 11); "encouraged the use of excessive force . . . through their inaction;" (*id.* ¶ 18); and "conducted superficial and shallow Internal Affairs processes . . . " (*id.*, Count I, ¶¶ 5–6).

- 2 -

that "the same training problems that existed from 1999-2008 existed at all time relevant to the instant Complaint . . . ." (*Id.* ¶ 22).

Finally, Plaintiff again raises his "supplemental state law claim" under the New Jersey Civil Rights Act and requests punitive damages. (*See generally* SAC Count II & Count III).

## II. Legal Standard: Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." But in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Pursuant to the pleading regime established by *Twombly* and *Iqbal*, the Court of Appeals for this Circuit has promulgated a three-pronged test of the sufficiency of a complaint. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court considers "the elements a Plaintiff must plead to state a claim." *Id.* Second, the Court abstracts from mere legal conclusions contained in the complaint, which "are not entitled to an assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). That is, a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Finally, the Court considers the complaint's remaining well-pleaded factual allegations and "determine[s] whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679). Throughout this process, the Court is "required to accept as

true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *See, e.g.*, *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016).

### III. Analysis

In its prior Memorandum, the Court ruled that "to the extent Plaintiff seeks to assert *Monell* liability against Irvington, those claims [we]re insufficiently pleaded . . . ." (D.E. No. 59 at 4). The same is true again now: Plaintiff "fails to plead factual grounds that permit the Court to draw a reasonable inference" that he is entitled to relief. *See Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 303 (D.N.J. 2012).

The SAC suffers from at least two independent flaws that require dismissal of Count I. First, in the context of *Monell* claims like Plaintiff's, a "plaintiff must identify the challenged policy, attribute it to the city itself, *and show a causal link between execution of the policy and the injury suffered*." *See Losch v. Borough of Parkesburg, Pa.*, 736 F.2d 903, 910 (3d Cir. 1984) (emphasis added). Even assuming without deciding that the SAC sufficiently pleads the first two requirements, the SAC does not contain any allegations that "plausibly give rise," *see Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679), to *"a causal link between execution of the policy [alleged] and the injury suffered," see Losch*, 736 F.2d at 910. Plaintiff *asserts* that the conduct he describes "was the proximate cause" of the injuries complained of (*see, e.g.*, SAC ¶¶ 17 & 19 (asserting "a direct and proximate cause")), but these "mere conclusory statements," *see Iqbal*, 556 U.S. at 678, cannot "nudge[] [Plaintiff's] claims across the line from conceivable to plausible," *see Twombly*, 550 U.S. at 570. In other words, Plaintiff's "allegations are simply conclusory restatements of the legal elements of . . . claims under *Monell* . . . ." *See, e.g.*, *Estate of Bard v. City of Vineland*, No. 17-1452, 2017 WL 4697064, at *4 (D.N.J. Oct. 19, 2017). Hence Plaintiff

has not shown the requisite "plausible nexus" or "affirmative link." *See Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Second, a policy or custom like that alleged by Plaintiff "cannot ordinarily be inferred from a single instance of illegality . . . ." *See Losch*, 736 F.2d at 911; *accord T.R. v. Havens*, 612 F. App'x 83, 88 (3d Cir. 2015). Yet the SAC identifies only "Abdul Kamal's death" as an alleged result of "[s]aid training problems" (*see, e.g.*, SAC ¶ 22), and apparently does not identify any other instances of illegality. (*See generally* SAC). Thus the SAC cannot "plausibly give rise to an entitlement for relief." *See Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679). Accordingly, the Court must dismiss Count I of the SAC.

"For the same reasons," the Court dismisses Count II. (*See* D.E. No. 59 at 5). As the Court observed in its previous Memorandum when it dismissed the same cause of action, "courts interpret claims under . . . the New Jersey Civil Rights Act 'in terms nearly identical to its federal counterpart . . . .'" (*See id.* (quoting *Baklayan v. Ortiz*, No. 11-3943, 2012 WL 1150842, at *6 (D.N.J. Apr. 5, 2012)). The New Jersey Civil Rights Act, after all, "was designed as a State analog to the federal civil rights statute . . . and was not intended to create any new substantive rights." *Perez v. Zagami, LLC*, 94 A.3d 869, 875 (N.J. 2014) (internal quotation marks omitted).

Finally, the Court must also dismiss Count III. "[P]unitive damages are not a distinct cause of action," and the Court is dismissing all of Plaintiff's other claims. *See Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 13-7738, 2014 WL 1577694, at *5 (D.N.J. Apr. 21, 2014) (citing *Incorvati v. Best Buy Co., Inc.*, No. 10-1939, 2010 WL 4807062, at *12 (D.N.J. Nov. 16, 2010)). Punitive damages, in any event, "cannot be assessed against municipalities under § 1983." *Gares v. Willingboro Twp.*, 90 F.3d 720, 729 n.7 (3d Cir. 1996) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981)).

## IV. Conclusion

"Where the plaintiff ha[s] already amended [the] complaint and yet failed to allege sufficient facts, the courts may find that [t]hree bites at the apple is enough, and conclude that it is proper to deny leave to replead." *Mimms v. U.N.I.C.O.R.*, No. 09-1284, 2010 WL 892200, at *9 (D.N.J. Mar. 8, 2010), *aff'd*, 386 F. App'x 32 (3d Cir. 2010) (internal quotation marks omitted). After the initial Complaint and the First Amended Complaint, the SAC was Plaintiff's third "bite[] at the apple." *See id.* And despite the Court's previous grant of leave to amend his claims against Defendant (*see* D.E. No. 59 at 6), and despite discovery (*see, e.g.*, D.E. No. 33), Plaintiff has not "amend[ed] in any meaningful way to address the deficiencies" in his pleading. *See Jean-Pierre v. Schwers*, 682 F. App'x 145, 148 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 334 (2017). For instance, in its prior Memorandum, the Court specifically observed that "Plaintiff's allegations that Irvington failed to properly train its employees are conclusory and lack the necessary factual support to survive a Rule 12(b)(6) motion to dismiss." (*See* D.E. No. 59 at 5). And Defendant contends, reasonably, that "[t]his Court's description of Plaintiff's First Amended Complaint could be applied word-for-word to the Second Amended Complaint." (*See* D.E. No. 66-1 at 11).

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. The SAC is DISMISSED *with prejudice*. An appropriate Order accompanies this Memorandum.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**